UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENIECE H. BURT, <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, Commissioner of Social Security Administration, <br><br> Defendant. | CASE NO.   C04-5529JKA <br><br> ORDER REVERSING ADMINISTRATIVE DECISION |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for social security benefits.

Plaintiff argues the court should reverse the administration's decision and remand the matter for an award of benefits. In response to plaintiff's contentions, defendant concedes the ALJ erred when he considered the medical evidence. Accordingly, the main issue in this matter is whether the errors demand remand for further proceedings or whether the errors require reversal and an award of appropriate benefits.

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's

ORDER
Page - 1

conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

After reviewing the record, the court finds and orders the following:

1. Plaintiff originally filed her application for benefits in the June 1997. She was denied initially, but the administration's Appeals Council rejected the Administrative Law Judge's decision based on the failure to properly evaluate Ms. Burt's mental impairments. Tr. 1155-118. Accordingly, on September 19, 2001, the matter was remanded for a new hearing and decision. On July 25, 2002, the ALJ again concluded Ms. Burt was not disabled. It is this decision that is now being reviewed by the court, and it is this decision that the Commissioner concedes holds the same or similar errors previously found when it was remanded to the ALJ for further analysis.

2. Given the history of this case, it would be inappropriate to remand the matter again to allow the ALJ an opportunity to correct his errors. The ALJ has already been given the chance to cure the same mistakes. The record supports an award of benefits.

3. The Administrative decision denying Ms. Burt benefits is hereby REVERSED and the matter is remanded for an award of appropriate benefits.

DATED this 16th day of May, 2005.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        U.S. Magistrate Judge